Jason C. Ross (State Bar No. 252635)
jross@wshblaw.com
Claudia Kozlowska (State Bar No. 334487)
ckozlowska@wshblaw.com
**WOOD, SMITH, HENNING & BERMAN LLP**
501 West Broadway, Suite 1200
San Diego, California 92101
Phone: 619-849-4900 ♦ Fax: 619-849-4950

Attorneys for Defendant,
WALMART INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE MYERS, an individual, | Case No.  **'23CV0551 BEN AHG** |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332(a), 1441); DEMAND FOR JURY TRIAL** |
| v. | |
| WALMART INC., A Delaware Corporation, and DOES 1 through 50, inclusive, | Complaint Filed:   February 23, 2023 |
| Defendants. | Superior Court Case No.: 37-2023-00007768-CU-WT-CTL |

**TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that based on the following allegations, and those in the Plaintiff's Complaint, Defendant WALMART INC. (hereinafter "Defendant" or "Walmart") hereby removes the above-referenced action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C §§ 1332 and 1441 (based on diversity of citizenship jurisdiction).

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## I.   STATEMENT OF THE CASE

1.   On or around February 23, 2023, Plaintiff JAMIE MYERS ("Plaintiff") filed a lawsuit in the Superior Court of the State of California, County of San Diego, entitled *Myers v. Walmart Inc.*, Case No. 37-2023-00007768-CU-WT-CTL.

2.   On or about February 27, 2023, Plaintiff served Defendant Walmart Inc. ("Walmart") with the Complaint and the Summons. (Exhibit ("Ex.") A & B, respectively.)

3.   On March 27, 2023, Walmart filed its Answer in the San Diego County Superior Court in response to Plaintiff's Complaint. (Ex. C.)

4.   The aforementioned suit is a civil action for money damages against Walmart in which Plaintiff alleges state law claims under California Government Code section 12940 *et seq.* (the "Fair Employment and Housing Act," or "FEHA") and a common law claim for wrongful termination in violation of public policy. (Ex. A.) The allegations supposedly giving rise to these claims stem from Plaintiff's employment with Walmart. Plaintiff asserts in her Complaint that "[o]n or about August 2021, [she] . . . began working for [Walmart] as a Cashier," and "on or around September 9, 2022, [Walmart] terminated [her] employment." (Ex. A, ¶¶ 10, 21.) She alleges, in sum, that she was subjected to alleged sexual harassment and discrimination on the basis of her sex/gender, she and her mother, Sara Hensley[1] complained about it to their supervisor, and she was wrongfully terminated "because of her sex/gender, and because she opposed/resisted discrimination, harassment, and retaliation." (*Id.*, ¶¶ 12-21.) She claims that she "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to

---

[1] Her mother, Ms. Hensley has also filed a related lawsuit, on the same day, in the same court, using the same counsel. *See* Notice of Related Case filed concurrently herewith.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

proof at the time of trial" and "continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial." (*Id.*, ¶¶ 28, 36, 42, 48, 56.)

5.   In addition, Plaintiff claims that she "has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem, and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer the loss of earnings and other employment benefits and job opportunities." (*Id.*, ¶¶ 29, 35, 41, 49, 57.) Besides past and future economic and non-economic damages, Plaintiff also seeks costs of suit, recovery of her attorneys' fees per statute, and punitive damages, among other things. (*Id.*, ¶¶ 30, 31, 37, 43, 50, 58, and Prayer for Relief at p. 12.)

6.   In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings served by or on Walmart are attached to this Notice as Exhibits A [Complaint]; B [Summons]; and C [Answer].

## II.   TIMELINESS OF REMOVAL

7.   A defendant in a state civil action has thirty (30) days to remove the action to federal court from the date it receives the summons and complaint through valid service of process – which timeline is triggered if removability appears on the face of the complaint. (28 U.S.C § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-348 (1999).)

8.   Here, Walmart's Notice of Removal is plainly timely as Walmart first received a copy of the Summons and Complaint on February 27, 2023, and it filed this Notice of Removal within 30 days of that date. (28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1)(C).)

9.   In addition, the consent of the fictitious "Doe" defendants in this case is not required. Defendant is the only party who must consent to removal. (28 U.S.C. § 1441(b)).

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## III.   BASIS FOR REMOVAL – DIVERSITY JURISDICTION

10.   This case is a civil action over which this Court had and has original jurisdiction under 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

### A.   Diversity of Citizenship

11.   Plaintiff is domiciled in, and a citizen of, California. (Ex. A, ¶ 4.)

12.   Walmart is a Delaware corporation. (Ex. A, ¶ 5.) Walmart's principal place of business is in Benton County, Arkansas. Therefore, Walmart is a citizen of Delaware and Arkansas for evaluating diversity of citizenship and domicile. (28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend* (2010) 559 U.S. 77 ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.")

13.   Diversity of citizenship exists because Walmart is not a citizen of the same state as Plaintiff and is not a local defendant. (28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(b)(2).) The citizenships of the fictitiously named Doe defendants are irrelevant here, as they "shall be disregarded" for purposes of assessing diversity of citizenship. (28 U.S.C. § 1441(b)(1).)

### B.   Amount in Controversy

14.   The amount in controversy in this action, independent of interests and costs, exceeds $75,000.00, as alleged by Plaintiff in her Complaint. (28 U.S.C. § 1332(a).) "[I]n assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" (*Campbell v. Vitran Exp., Inc.* (9th Cir. 2012) 471 Fed.Appx 646, 648 (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter* (C.D.Cal.2002) 199 F. Supp.2d 993, 1001.))

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

15. <u>Economic Damages</u>: Plaintiff asserts in her Complaint that she "has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in Plaintiff's field and damage to Plaintiff's professional reputation, all in an amount subject to proof at the time of trial" and "continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial." (Ex. A, ¶¶ 25, 33, 39, 45, 54, 72.)

16. "[T]he amount in controversy . . . includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." (*Chavez v. JPMorgan Chase & Co.* (9th Cir. 2018) 888 F.3d 413, 414.) Courts separate lost wages into two categories: "past wages—i.e., lost wages between the date of Plaintiff's termination and the date of removal—and future wages—i.e., lost wages between the date of removal and trial." *Fisher v. HNTB Corp.*, No. 2:18-CV-08173-AB-MRW, 2018 WL 6323077, at *5 n.7 (C.D. Cal. Dec. 3, 2018).

17. Plaintiff began working for Walmart on August 5, 2021. (*See* Ex. A, ¶ 10.) She alleges her employment with Walmart ended on September 9, 2022. (Ex. A, ¶ 21.) Thus, she worked for Walmart for approximately thirteen months. At the time Plaintiff's employment with Walmart ended, she earned an hourly rate of $15.00, and she was a part-time employee. In 2021, Plaintiff worked about five months, and her total earnings were $6,493.54. In 2022, Plaintiff worked about eight months, and her total earnings were $8,748.07. Plaintiff's combined earnings for the thirteen months she was employed by Walmart equal $15,241.61, which results in average monthly earnings of $1,172.43.

18. To date (March 28, 2023), it has been almost seven months since Plaintiff's employment with Walmart ended. Thus, alleged past wages ("back pay") owing and accrued to date would be about $8,207.01, based on Plaintiff's average monthly earnings. As to Plaintiff's future wages ("front pay"), while a trial date has not been set yet, given the delays in trials caused by COVID-19, it can be estimated

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

to take place on or after March 28, 2024. Calculating Plaintiff's alleged lost earnings from March 28, 2023 to March 28, 2024 – the twelve-month period between the date of removal and the projected date of trial – results in an additional $14,069.16 in alleged front pay. Collectively, this results in allegedly lost wages of $22,276.17.

19. This calculation shows that the amount in controversy in this case exceeds $75,000, as it does not factor in Plaintiff's claims for benefits, lost employment opportunities, attorneys' fees, and emotional distress, among many others. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *2 (C.D. Cal. July 27, 2015), the court held that although Plaintiff had placed only a minimum of $18,000 in controversy through claims for economic damages, the amount in controversy was met because the court considered other types of relief sought like the ones sought by Plaintiff in this case.

20. Based on the above, the amount in controversy for Plaintiff's alleged economic damages alone, exclusive of other benefits she allegedly lost, is **$22,276.17.**

21. <u>Non-Economic Damages</u>: In addition, Plaintiff claims that she "has and will continue to suffer severe mental anguish and emotional distress in the form of anger, anxiety, embarrassment, headaches, humiliation, loss of sleep, confidence, self-esteem, and general discomfort; will incur medical expenses for treatment by psychotherapists and other health care professionals, and other incidental expenses; suffer the loss of earnings and other employment benefits and job opportunities." (*Id.*, ¶¶ 29, 35, 41, 49, 57.) Besides past and future economic and non-economic damages, Plaintiff also seeks costs of suit, recovery of his attorneys' fees per statute, and punitive damages, among other things. (*Id.*, ¶¶ 30, 31, 37, 43, 50, 58, and Prayer for Relief at p. 12.)

22. Emotional distress damages are considered in determining the amount in controversy. (*See Kroske v. U.S. Bank Corp.* (9th Cir. 2015) 432 F.3d 976, 980.) To further support the basis for removing this action to federal court, Defendant submits herewith examples of jury verdicts pursuant to *Cain.* (*Cain v. Hartford Life and Acc.*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

*Ins. Co.* (C.D. Cal. 2012) 890 F.Supp.2d 1246, 1250 [finding defendants list of jury verdicts awarding emotional distress in similar cases to be a sufficient analysis to aid the courts conclusion that emotional distress damages may be substantial and could exceed the minimum $75,000 threshold.]) For example, in *Peggy Jarian et al. v. Rev Yeghia Vart Kilaghbian et al.*, Superior Court of Los Angeles County, Case No. BC427095, the plaintiffs were awarded a total verdict of $260,000, of which $50,000 was attributed to emotional distress damages. In the *Jarian* case, plaintiff Jarian made a complaint about sexual harassment by her co-worker, and plaintiff Mekhitarian also complained about the co-worker's conduct and the employer's failure to take remedial measures. Both plaintiffs were allegedly terminated from their jobs and filed a lawsuit involving claims of wrongful termination, sexual harassment, and retaliation in violation of FEHA. (Ex. D to Defendant's Request for Judicial Notice ["RJN"].) Further, in *Carreon v. U.S. Foodservice Inc.*, Superior Court of Los Angeles County, Case No. 20STCV13066, just like Plaintiff here, plaintiff asserted he was subjected to sexual harassment by co-workers, reported the harassment to his managers and/or supervisors, but they failed to prevent the behavior and/or ratified the harassment, and afterwards, his employment was terminated. The plaintiff was awarded a total verdict of $1,200,000, of which $200,000 was attributed to emotional distress damages. (Ex. E to Defendant's RJN.)

23. Accordingly, even assuming an award on the low end of the range in this case, purely *arguendo*, the amount in controversy for Plaintiff's alleged emotional distress damages is at least **$50,000-$200,000**, if not more.

24. <u>Cost of Suit and Attorneys' Fees</u>: Additionally, Plaintiff seeks an unspecified amount in cost of suit and attorneys' fees related to her causes of action. (Ex. A, ¶¶ 28, 34, 40, 47, 75, and Prayer for Relief at p. 12.) Attorneys' fees (future and accrued) are considered in determining whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party, as she does here. (*See Galt GIS v. JSS*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

*Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1155-56; *see also Miera v. Dairyland Ins. Co.* (10th Cir. 1998) 143 F3d 1337, 1340; *Manguno v. Prudential Prop. & Cas. Ins. Co.* (5th Cir. 2002) 276 F3d 720, 723.) FEHA provides for attorneys' fees to be awarded to successful plaintiffs. (*See* Cal. Gov. Code Section 12965(b).

25.   Here, Plaintiff asserts claims for discrimination, harassment, retaliation, and failure to prevent under FEHA. She seeks to recoup her claimed fees and costs for same under Gov. Code section 12965(b). (Ex A, ¶¶ 31, 37, 43, 50, and Prayer for Relief at p. 12.)

26.   To date, Plaintiff has likely incurred fees and costs in connection with preparing and filing her Complaint. Moreover, the parties will be engaging in significant discovery, thereby incurring even more attorneys' fees, including the deposition of Plaintiff, and other depositions such as a deposition of a person most qualified. If Plaintiff is successful in prosecuting her claims, which the Court must assume for purposes of removal, her claim for attorneys' fees alone more likely than not will exceed the $75,000 amount in controversy requirement. Indeed, in *Bihun v. AT&T Information Systems, Inc. (1993) 13 Cal.App.4th 976.*, 2017 WL 2859628, at *3 (C.D. Cal. July 27, 2015), the court found an award of attorneys' fees at rate of $450 per hour for lead counsel in a civil action under FEHA for sexual harassment was not an abuse of discretion. Further, in *Matkovich v. Costco Wholesale Corporation, et al.*, 2017 WL 6527335, at *8, plaintiff alleged disability discrimination, failure to prevent discrimination, and retaliation in violation of FEHA, amongst other claims and was successful. Plaintiff was represented by Plaintiff's Counsel here, JML Law APLC, and the Court awarded $328,142.50 in attorneys' fees for a total of 661.80 hours, with the hourly rate ranging from $350.00-$750.00. Also, *In Inga v. Assent Mortg. LLC et al.*, Superior Court of Los Angeles County, Case No. 30-2020-01135718-CU-OE-NJC, analogous to Plaintiff here, the plaintiff alleged the defendants subjected her to harassment and discrimination, she complained about the conduct, but the defendants did not cease the conduct, and terminated her employment

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

instead. The court entered judgment in the amount of $239,098, plus $343,915 in attorney fees and costs. (Ex. F to Defendant's RJN.) Assuming a conservative rate of $350.00/hour for Plaintiff's counsel, even if only 100 hours are spent on the case, attorneys' fees alone would total approximately $35,000.

27.   Accordingly, the amount in controversy for Plaintiff's alleged attorney's fees is, at the very least and relying on very conservative numbers, **$35,000.**

28.   <u>Punitive damages:</u> Plaintiff also seeks punitive damages. (Ex A, ¶¶ 30, 58, and Prayer for Relief at p. 12.) Courts have often estimated a 1:1 ratio between punitive and compensatory damages in calculating the amount in controversy. (*See, e.g.*, *Jackson v. Compas Group USA, Inc.*, 2019 WL 3493991, at *6, 2019 U.S.Dist. LEXIS 129001, at *15-16 [*citations omitted*]; *Cuevas v. Lowes Home Centers, LLC* 2020 WL 6439174, at *6, 2020 U.S. Dist. LEXIS 206629, at*15 [*citations omitted*].) Such "a 1:1 ratio has been described as 'conservative' for purposes of assessing the amount in controversy requirement." *Garfias v. Team Industrial Services, Inc.*, 2017 WL 4512444, at *5,2017 U.S. Dist. LEXIS 167370, at *13. Applying a 1:1 ratio, a reasonable estimate of punitive damages based on economic damages for only *past* lost earnings is $8,207.01, which yields an estimate of alleged punitive damages of$8,207.01. If a 1:1 ratio was also applied to the estimate of Plaintiff's *future* lost earnings through trial ($28,138.32), the amount of punitive damages would come up to $22,276.17.

29.   Defendant vigorously disputes Plaintiff's ability to qualify and recover punitive, or any other, damages. However, at issue in this motion is what Plaintiff is *claiming* right now. Based on the above, the amount in controversy for Plaintiff's alleged punitive damages alone is **$22,276.17.**

30.   <u>Total:</u> Based on the above, the amount in controversy here is at least **$129,552.34** well above the requisite $75,000 threshold, independent of interest and costs.

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ◆ FAX 619-849-4950

## IV.   ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

31.   Plaintiff originally filed her complaint in the Superior Court of California, County of San Diego, which is located within the Southern District of California. Therefore, venue is proper in this Court pursuant to 28 U.S.C. 84(a), as it is the "district and division embracing the place where such action is pending." (28 U.S.C. § 114(a).)

32.   Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of this notice with the Superior Court of California, County of San Diego. True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## V.   CONCLUSION

33.   Wherefore, Defendant Walmart prays that the above-entitled action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

DATED:  March 28, 2023                    WOOD, SMITH, HENNING & BERMAN LLP

By: ___/s/*Jason C. Ross*___
    JASON C. ROSS
    CLAUDIA KOZLOWSKA

Attorneys for Defendant, Walmart Inc.

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

27881272.1:11855-0015

-10-

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
501 WEST BROADWAY, SUITE 1200
SAN DIEGO, CALIFORNIA 92101
TELEPHONE 619-849-4900 ♦ FAX 619-849-4950

## PROOF OF SERVICE

**Jamie Myers v. Walmart Inc., et al.**
**Case No. 37-2023-00007768-CU-WT-CTL**

I am employed in the County of San Diego, State of California. I am over the age of eighteen years and not a party to the within action. My business address is 501 West Broadway, Suite 1200, San Diego, CA 92101.

On March 28, 2023, I served the following document(s) described as **DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT (28 U.S.C. §§ 1332(a), 1441); DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

**BY MAIL:** I placed true copies of the foregoing document(s) enclosed in sealed envelopes addressed as shown on the Service List. I am "readily familiar" with Wood, Smith, Henning & Berman's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at San Diego, California, on that same day following ordinary business practices.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 28, 2023, at San Diego, California.

_____
Arielle Padilla

27881272.1:11855-0015

-11-

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT